IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-43,534-04





STATE of Texas ex rel. ANIBAL GARCIA ROUSSEAU, Relator



v.



Honorable MICHAEL J. MCCORMICK, Judge 185
th District Court, 


Harris County, Respondent.






ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS






 Per Curiam.


ORDER



 On May 16, 1989, relator was convicted of capital murder and sentenced to death
in the 185th District Court of Harris County, Cause No. 514948, styled The State of Texas
v. Anibal Garcia Rousseau. This Court affirmed relator's conviction and sentence on
direct appeal. Rousseau v. State, 855 S.W.2d 666 (Tex. Crim. App. 1993). On December
1, 1999, this Court denied relief on relator's initial application for writ of habeas corpus
filed pursuant to Article 11.071. (1) Ex parte Rousseau, No. 43,534-01 (Tex. Crim. App.
Dec. 1, 1999)(not designated for publication). On September 11, 2002, this Court
determined that claims raised in a subsequent application for writ of habeas corpus met
the dictates of Article 11.071 § 5 and remanded the cause to the trial court to address the
merits of the claims. Ex parte Rousseau, No. 43,534-02 (Tex. Crim. App. Sept. 11,
2002)(not designated for publication). That cause is still pending in the 185th District
Court of Harris County, Cause No. 5149801/C, and gives rise to the mandamus action
currently before this Court. 

 Before ruling on relator's motion for leave to file his petition for writ of
mandamus, this Court requires further information from the trial court. Specifically, we
order the trial court to answer the following questions and submit the information to this
Court in writing: 

 1. Has the trial court ruled, either explicitly or implicitly, on all motions properly
filed in the subsequent habeas proceeding? 


 2. At what stage is the subsequent habeas proceeding?


 3. Has the trial court made findings of fact and conclusions of law in
relator's subsequent habeas proceeding? If so, have they been filed with the
district clerk? 


 4. Has the clerk of the court forwarded the complete record to this Court? If not,
why not?


 After the answers to these questions have been determined, the trial court is
directed to prepare its responses and any other information appropriate to the resolution
of the questions, and file the document or documents with this Court within 30 days of
the date of this order. 

 IT IS SO ORDERED THIS THE 8th DAY OF December, 2004.

Do not publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.